# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PATRICIA R. GALVAN,

        Plaintiff,

vs.

DEL TACO,

        Defendant.

Case No. 2:12-cv-01135-GMN-CWH

**ORDER**

        This matter was referred to the undersigned Magistrate Judge on Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (#1), filed on June 28, 2012. The Court also considered Plaintiff's Addendum (#2), filed on July 9, 2012.

## I.    *In Forma Pauperis* Application

        Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

## II.    Screening the Complaint

        Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint

for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

### A.     Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, Plaintiff alleges claims for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. She seeks damages in the amount of $250,000. Accordingly, this is a civil action for which this Court has original jurisdiction under 28 U.S.C. §

1331.  Further, Title VII provides, "[e]ach United States district court . . . shall have jurisdiction of actions brought under this title."  42 U.S.C. § 2000e-5(f)(3).

       Title VII allows a person to sue an employer for discrimination on the basis of race if she has exhausted both state and EEOC administrative procedures.  Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer.  *Id.*  If the EEOC decides not to sue and if there is no settlement satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted her remedies with the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  After receipt of the right-to-sue letter, plaintiff may sue in federal or state court.  *Id.*  Here, Plaintiff has attached a Notice of Suit Rights letter from the EEOC dated May 11, 2012 and subsequently filed this action within 90 days.  *See* Addendum (#2), 2.  The EEOC found reasonable cause to believe that violations of Title VII occurred, but decided not to bring suit at that time.  Thus, it appears Plaintiff has exhausted her administrative remedies.

      **1.**     **Sexual Harassment Claim**

       Title VII prohibits sex discrimination in the workplace.  Although the language of the statute refers to discrimination, courts have read into the law a prohibition on sexual harassment.  *See Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 64–65 (1986); *Nichols v. Azteca Rest. Enter.,* 256 F.3d 864, 871 (9th Cir. 2001).  To prove sexual harassment under a "hostile work environment" theory, a plaintiff must show: (1) that she was subjected to verbal or physical conduct of a sexual nature, (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment as to create an abusive working environment.  *Ellison v. Brady,* 924 F.2d 872, 875-76 (9th Cir. 1991).  Plaintiff alleges that she was verbally abused and sexually harassed by store manager, Carlos Guilani ("Guilani"), in April 2008.  She states that he would call her and other female employees "Mexican pigs" and "bitches" and he referred to body parts in an unwanted way.  Plaintiff indicates that such conduct was unwelcome, as indicated by her complaints to several management level and human resources employees.  *See Fielder v. UAL Corp.,* 218 F.3d 973, 985 (9th Cir. 2000) ("Employers may be held vicariously liable for failing to remedy sexual harassment by employees when management knew or

should have known of the harassing behavior."). Taking these allegations as true, Plaintiff has stated sufficient facts to state a cognizable sexual harassment claim under Title VII.

**2.  Retaliation**

Title VII also makes it unlawful to discriminate against an employee who makes a charge under Title VII. To establish a prima facie case of retaliation, a plaintiff must show that: (1) she was engage din an activity protected under Title VII, (2) she suffered an adverse employment action, and (3) there was a casual link between her protected activity and the adverse employment action. *Little v. Windermere Relocation, Inc.*, 265 F.3d 903, 913 (9th Cir. 2001). Plaintiff claims that she was retaliated against by her supervisor, Guilani, after he found out that she complained about the sexual harassment to District Manager Teresa Desjardin ("Desjardin"). Desjardin acknowledged to the EEOC that Plaintiff made a complaint in May about Guilani's treatment of her. *See* Complaint #1-1, 12. Plaintiff alleges that Gulani sent her home after finding out about the complaint and she did not return to work for one month. Upon her return, Plaintiff alleges that she was placed in a new location, her hours were reduced, and she was terminated two weeks later. Plaintiff also submitted a complaint to the human resources department in June 2008. Taking these allegations as true, Plaintiff has stated sufficient facts to state a claim for retaliation under Title VII.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* (#1) is **granted**. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1) and shall issue Summons to Defendant and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the Court

identifying whether Defendant was served.  If Plaintiff wishes to have service again attempted on an unserved Defendant, a motion must be filed with the Court identifying the unserved Defendant and specifying a more detailed name and/or address for said Defendant, or whether some other manner of service should be attempted.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

**IT IS FURTHER ORDERED** that, from this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court.  Plaintiff shall include, with the original papers submitted for filing, a certificate stating that a true and correct copy of the document was mailed to Defendant or counsel for Defendant.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED this 3rd day of December, 2012.

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**